UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL E. ORSELLO,

Plaintiff,

v.

DIANE ORSELLO,

Defendant.

Civil No. 00-1977 (PAM/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP") as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)). **(Continued....)**

AUG 2 3 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In the instant case, Plaintiff's IFP application is accompanied by several papers, none of which is clearly identifiable as a complaint. See Fed. R. Civ. P. 8-11 (prescribing the requirements for civil complaints and other pleadings filed in federal court). Giving Plaintiff the benefit of liberal construction, however, as is required in pro se cases, (see Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), the Court has reviewed all of Plaintiff's submissions and attempted to treat them as a single pleading.

As far as the Court can discern, Plaintiff is attempting to challenge various Minnesota state court rulings relating to child custody and visitation rights. It is well-settled, however, that federal courts, (with the exception of the U.S. Supreme Court), have no authority to review, or interfere with, a state court's orders or decisions -- even where it is alleged that the state court did not act in accordance with the federal constitution. See Neal v. Wilson, 112 F.3d 351, 356 (8th Cir. 1997) (the Rooker-Feldman doctrine "precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling"). Therefore, to the extent that Plaintiff is seeking relief from some action taken in some prior state court proceeding, he has failed to state a claim that is cognizable in federal court.

To the extent that Plaintiff may be seeking some specific new relief from Defendant, (who apparently is his wife or ex-wife), rather than a review of some prior state court

---

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

action, his claims cannot be entertained for at least two additional reasons. First, even with the benefit of liberal construction, his submissions do not include sufficient factual allegations to determine what type of relief he may be seeking, or why he believes he may be entitled to such relief. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Second, nothing in Plaintiff's submissions suggests that his claims are based on federal law, or that Plaintiff and Defendant reside in different states. It therefore appears that a federal court would not have subject matter jurisdiction in this case. See 28 U.S.C. §§ 1331 and 1332.

Thus, the Court concludes that Plaintiff has failed to state any cause of action on which relief may be granted. It follows that Plaintiff's IFP application must be denied, and that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, it is recommended that Plaintiff's action be certified as frivolous, and not undertaken in good faith, so that Plaintiff will not be eligible for IFP status on appeal. See 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith").

Finally, the Court notes that this action is indistinguishable from another action that Plaintiff attempted to bring in this District earlier this year -- Orsello v. Orsello, 00-272 (DWF/AJB). That case also was summarily dismissed.[2] The filing of serial lawsuits in a

---

[2] Because this action is virtually identical to Plaintiff's previous one, it should not be surprising that this Report and Recommendation is essentially the same as the one entered by Magistrate Judge Arthur J. Boylan in Plaintiff's prior case.

futile attempt to litigate the same non-cognizable claims places an undue burden on the limited resources of the federal court. Therefore, if Plaintiff files any future actions that are similar to this one and his last one, it may be appropriate to identify him as a vexatious litigant and treat him accordingly.

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This action be certified as not undertaken in good faith for purposes of 28 U.S.C. § 1915(a)(3).

Dated: August 21, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Sept. 12, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.